IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MISSY LEE & LEANDER LEE, and PROCRAFT EXTERIORS, INC.** | |
| Plaintiffs, | Case No. |
| v. | |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT TO DEMAND APPRAISAL

Plaintiffs, Missy Lee, Leander Lee, and ProCraft Exteriors, Inc., by and through their undersigned counsel, pursuant to Rule 87 of the Missouri Rules of Civil Procedure and Chapter 527 of the Revised Statutes of Missouri, and for its Petition to Demand Appraisal against Defendant State Farm Fire and Casualty Insurance Company, states as follows:

1. Defendant, State Farm Fire and Casualty Insurance Company ("State Farm"), is an insurance company licensed to do business in the State of Missouri with its principle place of business located at One State Farm Plaza, Bloomington, Illinois, 61710 and a registered agent in Missouri at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101.

1

2. Plaintiffs Missy and Leander Lee (the "Lees") are owners of property located at 12033 Gailcrest Lane, St. Louis, Missouri 63131.

3. Plaintiff ProCraft Exteriors, Inc. ("ProCraft") is a general contracting and construction business incorporated under the laws of Missouri with its principle place of business located at 11939 Manchester Road, Suite 144, St. Louis, Missouri 63131.

4. This Court has subject matter jurisdiction in this case because the Plaintiffs have diversity from the Defendant and the amount in controversy exceeds $75,000.

5. Venue is proper in the Eastern District of Missouri because the property insured under the Policy, which is the subject of this dispute, is located in St. Louis County, Missouri, within the territory of the United States District Court for the Eastern District of Missouri.

## **FACTS**

6. At all times relevant hereto the Lees maintained a policy of insurance (Policy No.: XX-XX-X694-4) issued by State Farm (the "Policy")

7. The Policy provides indemnity for costs to repair damage caused by, among other things, wind and hail.

8. On or about November 5, 2017, the Lees' home sustained significant damage as the result of a wind and hail storm (the "Loss").

9. The Lees timely reported the Loss to State Farm and the Loss was assigned claim number 252179C62.

10. State Farm inspected the damage on December 1, 2017 and determined the replacement cost value of the Loss to be $152,743.92 and allowed an additional $7,652.20 for required code upgrades.

11. The Lees retained ProCraft to provide a second estimate for repairs.

12. ProCraft estimated the replacement cost value of the Loss to be $336,240.04.

13. On or about March 13, 2019, State Farm issued a payment to the Lees in the amount of $117,393.60 and informed that an additional $42,002.52 of recoverable depreciation would be available after repairs are made.

14. State Farm and the Lees continue to dispute the appropriate scope and cost of repairs caused by the November 5, 2017 wind and hail storm.

15. The Lees assigned their claims and benefits under the Policy to ProCraft.

16. State Farm refused to address the claim with ProCraft and disputed the effects of the Lees assigning their claims and benefits to ProCraft.

17. The undersigned counsel, representing both ProCraft and the Lees informed State Farm that Plaintiffs dispute the scope and cost of repairs associated

with the Loss and demanded State Farm participate in an appraisal, as provided under the terms of the Policy, to determine the true scope and costs of repairs.

18.     State Farm continues to refuse to participate in the appraisal process.

19.     Plaintiff's bring the current action to compel appraisal and resolve the rights of the parties under the Policy.

## COUNT I – BREACH OF CONTRACT

20.     Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further state and alleges as follows.

21.     The Policy is a contract between the Lees and Defendant.

22.     The Lees have performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums and cooperating with Defendant's investigation and adjustment of the Loss.

23.     Defendant has breached the Policy by failing to full and fairly adjust and pay the Loss.

24.     As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $75,000, the specific amount to be determined at trial.

## COUNT II
## VEXATIOUS REFUSAL TO PAY CLAIM DAMAGES

25.     Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further state and alleges as follows.

26. The current action is an action to recover an amount of Loss under a fire and casualty homeowner's policy, specifically a FP 7955 Homeowners Policy.

27. Defendant has refused to pay for the Loss without reasonable cause or excuse.

28. Plaintiff is entitled to recovery as provided under Mo. Stat. § 375.420, including but not limited to an additional award beyond the Loss compensation amount and reasonable attorney's fees.

## COUNT III
## DECLARATORY JUDGMENT

29. Plaintiffs restate and reallege each of the foregoing paragraphs as though fully set forth herein and further state and alleges as follows.

30. Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the Policy.

31. There is a real and justiciable controversy between the Plaintiffs and Defendant over the extent to which the Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.

32. Plaintiff is entitled to a judicial declaration that the Policy includes coverage for the damages arising out of the Loss and appraisal is the appropriate avenue to resolve the Parties' dispute over the amount of the Loss.

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and against Defendant, State Farm Fire and Casualty Insurance Company, for the following relief:

1. Judgment in favor of the Plaintiffs and against Defendant for an amount in excess of $75,000, the exact amount to be proven at trial;

2. An order compelling the Parties to address their remaining dispute through appraisal;

3. An order staying this lawsuit pending the resolution of the insurance appraisal;

4. An award of attorney's fees, costs and disbursements; and

5. For such other relief as this Court deems just and equitable.

Respectfully submitted,

**SMITH JADIN JOHNSON, PLLC**

By: */s/ Alexander M. Jadin*
Anthony A. Remick (#0398506)
Timothy D. Johnson (#0394918)
Alexander M. Jadin (#0387219)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55437
Telephone: (952) 373-4606
Facsimile: (612) 235-7927
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
ajadin@sjjlawfirm.com

*Attorneys for Plaintiffs*