# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MISSY LEE, LEANDER LEE, and<br>PROCRAFT EXTERIORS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case no.  4:20cv00763 PLC |
| | ) | |
| STATE FARM FIRE AND CASUALTY<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' response [ECF No. 11] to the Court's Order directing Plaintiffs to show cause why this case should not be dismissed without prejudice for lack of diversity jurisdiction.  Order, filed July 8, 2020 [ECF No. 8].  In this lawsuit, Plaintiffs seek relief arising out of their effort to repair storm damage to the Missouri home of Plaintiffs Missy and Leander Lee ("the Lee Plaintiffs") and Defendant State Farm Fire and Casualty Insurance Company's ("State Farm's") alleged failure to provide those repairs under the terms of a homeowners' policy State Farm issued to the Lee Plaintiffs.  Specifically, Plaintiffs pursue state law claims for breach of contract, vexatious refusal to pay, and declaratory judgment, and allege "[t]his Court has subject matter jurisdiction in this case because the Plaintiffs have diversity from the Defendant and the amount in controversy exceeds $75,000."  Pls.' compl. para. 4 [ECF No. 1].

In its earlier Order, the Court found that (1) the allegations of the complaint satisfied the amount-in-controversy requirement for diversity jurisdiction; and (2) allegations in the complaint and Defendant's answer established that "Defendant is a citizen of Illinois only."  Order at 2-3, filed July 8, 2020 [ECF No. 8].  The Court concluded, however,  that Plaintiffs' allegations did not

set forth:  either the state of incorporation of Plaintiff ProCraft Exteriors, Inc. ("ProCraft"), which is alleged to have its principal place of business in Missouri; or the state(s) in which the Lee Plaintiffs are citizens.  Id. at 3-4.

## I. Diversity jurisdiction

A federal court has diversity jurisdiction or "original jurisdiction of a[] civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  To satisfy the citizenship requirement for diversity jurisdiction, there must be complete diversity among the litigants, i.e., no plaintiff may hold citizenship in the same state where a defendant holds citizenship.  OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

(A)  Corporate entity citizenship

A corporation is

deemed . . . a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of – (A) every State . . . of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A).

1.  ProCraft

In their response to the Court's earlier Order, Plaintiffs state that ProCraft is "incorporated under the laws of Missouri."  Pls.' response at 3 [ECF No. 11]; see also Pls.' compl. para. 3 [ECF No. 1].  Earlier, as alleged in the complaint, the Court found ProCraft has its principal place of business in Missouri.  Therefore, under the terms of § 1332(c)(1) and for purposes of this Court's diversity jurisdiction, ProCraft is considered a citizen of Missouri only.

2. State Farm

Defendant State Farm is an insurer.  In their response to the Court's earlier Order, Plaintiffs discuss whether this proceeding is a "direct action" under § 1332(c)(1)(A), which would require the Court to deem State Farm a citizen of the state(s) of citizenship of its insureds, the Lee Plaintiffs, who are not joined as party-defendants in this case.  Plaintiffs urge, the "direct action" provision in § 1332(c)(1) does not apply to expand State Farm's citizenship beyond Illinois.  In particular, Plaintiffs argue "[t]he direct action provision exception to diversity jurisdiction" (1) applies only "when a plaintiff directly sues a tortfeasor[']s insurer, rather than suing the tortfeasor," and (2) does not apply to "first-party insurance claim actions" where the lawsuit is "brought against the insurer by insured persons identifiable before the accident occurs," citing only Ljulijdjuraj v. State Farm Mut. Auto. Ins. Co., 774 F.3d 908, 909 (6th Cir. 2014).

In Russell v. Liberty Ins. Underwriters, Inc., 950 F.3d 997 (8th Cir. 2020), the Eighth Circuit addressed whether an equitable garnishment claim was a "direct action" under § 1332(c)(1).  Id. at 1001-02.  To resolve the issue, the Eighth Circuit agreed

> with the Fourth Circuit's recent holding that "direct action," as used in § 1332(c)(1), refers to "a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured."  Gateway Residences at Exch., LLC v. Ill. Union Ins. Co., 917 F.3d 269, 272 (4th Cir. 2019) (citing decisions from the First, Second, Sixth, Seventh, Ninth and Eleventh Circuits likewise interpreting § 1332(c)(1)'s "direct action" provision narrowly).

Id. at 1002.  The Eighth Circuit found, as the Fourth Circuit had explained, that "the ill Congress sought to remedy with § 1332(c)(1)'s 'direct action' provision, [was] federal litigation of state-law tort claims establishing a local tortfeasor's liability."  Id.

Although this case is not a garnishment action, the Eighth Circuit's interpretation in <u>Russell</u> of the "direct action" provision in § 1332(c)(1) is equally applicable here.[1]  This is not a lawsuit in which Plaintiffs are suing a tortfeasor's liability insurer without joining or first obtaining a judgment against the insured tortfeasor.  Therefore, the "direct action" provision in § 1332(c)(1) does not apply to expand State Farm's citizenship beyond Illinois for purposes of this Court's diversity jurisdiction.

(B) <u>Individuals' citizenship</u>

In their response to the Court's earlier Order, Plaintiffs state: "[a]s alleged in the Complaint, Plaintiffs Missy and Leander Lee are residents of the state of Missouri.  This is their primary residence and their domicile."  Pls.' response at 3 [ECF No. 11].  Although the Court finds, despite Plaintiffs' statement to the contrary, that the complaint lacks allegations regarding the Lee Plaintiffs' state(s) of residence, an allegation of an individual's state of residence does not establish the individual's state of citizenship for a federal court's diversity jurisdiction.  <u>See Hargett v. RevClaims LLC</u>, 854 F.3d 962, 965 (8th Cir. 2017) ("the term 'citizen' in 28 U.S.C. § 1332 has long meant something different from 'resident'"); <u>Reece v. Bank of New York Mellon</u>, 760 F.3d 771, 777 (8th Cir. 2014) ("When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable.  <u>See</u>, <u>e.g.</u>, <u>Dubach v. Weitzel</u>, 135 F.3d 590, 59[2] (8th Cir. 1998)").  The terms "domicile" and "citizenship" are, however, synonymous for purposes of a federal court's diversity jurisdiction.  <u>Sheehan v. Gustafson</u>, 967 F.2d 1214, 1215 (8th Cir. 1992); <u>Yeldell v. Tutt</u>, 913 F.2d 533, 537 (8th Cir. 1990).  "To establish domicile, an individual must both be physically present in the state and have the intent to make his [or her] home there indefinitely."

[1] Because the Eighth Circuit's decision in <u>Russell v. Liberty Ins. Underwriters, Inc.</u>, 950 F.3d 997 (8th Cir. 2020), resolves the "direct action" issue raised by Plaintiffs in their response to the Court's earlier Order, the Court need not discuss the Sixth Circuit authority Plaintiffs cited in favor of their position on this issue.

Eckerberg v. Inter-State Studio & Publ'g Co., 860 F.3d 1079, 1085 (8th Cir. 2017) (internal quotation marks omitted) (quoting Yeldell, 913 F.2d at 537).

This case arises out of Plaintiffs' efforts to repair storm damage to the Lee Plaintiffs' Missouri home, which Plaintiffs characterize as the Lee Plaintiffs' "primary residence and . . . domicile." Nothing of record causes the Court to question the Lee Plaintiffs' intent to remain at their Missouri home indefinitely. Accordingly, the record establishes that, for purposes of the Court's diversity jurisdiction, the Lee Plaintiffs are citizens of Missouri only.

## II. Conclusion

Under the circumstances, all three Plaintiffs are citizens of Missouri and Defendant is a citizen of Illinois. Therefore, the complete diversity among the litigants required for this Court's exercise of diversity jurisdiction exists. See OnePoint Sols., LLC, 486 F.3d at 346. Having found earlier that Plaintiffs' allegations satisfy the amount-in-controversy requirement for diversity jurisdiction and having now concluded there is complete diversity among the parties, this Court has diversity jurisdiction over this lawsuit.

**IT IS SO ORDERED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of July, 2020